J-S15036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RIAN T. ANDERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERRY ANDERSON | : | No. 1089 WDA 2020 |

Appeal from the Decree Entered September 23, 2020
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  11036 of 2016, C.A.

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED:  July 2, 2021**

Appellant, Rian T. Anderson ("Husband"), appeals from the decree entered September 23, 2020 divorcing Husband and Appellee, Sherry Anderson ("Wife"), from the bonds of matrimony.  In this appeal, Husband challenges an earlier order entered on March 12, 2020, dividing the marital estate and awarding alimony and counsel fees to Wife.  We affirm.

Husband and Wife were married in 1997 and separated in 2009.  The couple had two children together, who were 19 and 17 years' old as of the date of the master's hearing.  Wife bore the bulk of the child-care responsibilities during the marriage and continued to do so after the separation, but she had recently resumed part-time employment as a pharmaceutical technician after many years of not working.  Husband was

---

[*] Retired Senior Judge assigned to the Superior Court.

employed full-time as a mechanic throughout the marriage and as of the date of the master's hearing he was paying Wife $260 per month in spousal support and $645 per month in child support.

The couple had a marital residence on a 17.1 acre parcel in Edinburg, Pennsylvania, which Husband had purchased prior to the marriage, but the title of which was transferred to both Husband and Wife during the marriage. After the separation, Husband continued to live in the marital home while Wife and the two children moved into a home owned by Wife's parents, where she paid rent. The property was subject to an oil and gas lease since 2012, and the parties had evenly split the royalties from the lease. Between 2012 and 2018, Husband and Wife each received $66,209 from the lease.

Husband filed a divorce complaint on October 28, 2016 with a claim for equitable distribution. By an order entered September 21, 2018, the divorce was bifurcated and a master was appointed. On October 1, 2018, Husband filed an affidavit pursuant to Section 3301(d) of the Divorce Code, 23 Pa.C.S. § 3301(d), and Wife filed a counter-affidavit on December 10, 2018. On March 4, 2019, Wife filed a petition raising claims of alimony, alimony *pendente lite*, counsel fees, and equitable distribution.

On April 30, 2019, a hearing was held before a master. At the hearing, the parties stipulated to the admission of exhibits and the value of the marital residence, and Husband and Wife each testified. On September 3, 2019, the master issued her report. As relevant here, the master concluded that there was $23,186 in equity in the marital residence based upon the stipulated value

of the house of $150,000 less the outstanding balance on the mortgage. Master's Report, 9/3/19, at 9. The master recommended that Husband retain the marital residence, including the oil and gas rights, subject to Wife's continued receipt of 50% of the oil and gas royalties until the marital residence was transferred into Husband's name alone. *Id.* at 9-10. The master also recommended that Husband retain 100% of an IRA from a prior employer and that Wife receive 60% of the marital portion of his 401(k) plan with his current employer, measured from the date of hire to the date of separation. *Id.* at 10. After a consideration of the relevant statutory factors, the master recommended that Wife receive alimony in the sum of $260 per month until the graduation of the son from high school and $450 per month for 51 months thereafter. *Id.* at 10-13. The master further recommended that Husband pay $1,000 towards Wife's counsel fees. *Id.* at 13.

Both parties filed exceptions to the master's report. After hearing oral argument, the trial court entered an order on March 12, 2020 concerning the economic claims. The trial court awarded Husband the marital residence but directed him to pay Wife $13,911.60, which constituted 60% of the equity value of the home. Order, 3/12/20, at 6. The trial court also provided that Husband and Wife shall share equally in the royalties from the oil and gas lease going forward. *Id.* The trial court adopted the master's recommendation concerning Husband's IRA and 401(k) funds. *Id.* at 7. With respect to Wife's alimony claim, the trial court further ordered that Husband pay $260 per month until the son's high school graduation and then $450 per

month for 48 months.  *Id.* at 9-10.  The trial court also awarded Wife $2,000 for counsel fees.  *Id.* at 10.

Husband filed a notice of appeal from the trial court's March 12, 2020 order, but this Court *sua sponte* quashed the appeal as being from a non-final order because, while the trial court had resolved the parties' economic claims, no divorce decree had been entered.  The trial court then issued the divorce decree on September 23, 2020.  Husband filed a timely notice of appeal of that order on October 14, 2020.[1]

Husband raises the following issues on appeal:

1. Whether the Court erred in awarding Alimony and Counsel Fees where the claim for alimony was not timely filed or properly entered including supporting documentation in accordance with Pennsylvania Rule of Civil Procedure 1920.31.

2. Whether the Court erred in awarding fifty (50) percent of any royalties from the former marital property, wherein the Court awarded the property to [Husband] whom is solely responsible for all taxes, mortgages and any lien on the property without free and clear title solely in his name.

Husband's Brief at 20.

Husband's first issue relates to the award of alimony and counsel fees to Wife.  Awards of alimony and counsel fees are within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion or error of law.  *Cook v. Cook*, 186 A.3d 1015, 1019 (Pa. Super. 2018).  To the

---

[1] Husband filed his concise statement of errors pursuant to Pa.R.A.P. 1925(b) on October 27, 2020.  The trial court issued its Rule 1925(a) opinion on November 25, 2020.

extent our analysis requires us to interpret the Rules of Civil Procedure, our standard of review is *de novo* and our scope of review is plenary. ***Sayers v. Heritage Valley Medical Group, Inc.***, 247 A.3d 1155, 1159 (Pa. Super. 2021).

Husband argues that the trial court abused its discretion by granting Wife alimony and counsel fees when Wife failed to follow the requirement of Rule of Civil Procedure 1920.31(a) that she file income and expense statements in the form set forth in the Rules. ***See*** Pa.R.C.P. No. 1920.31(a)(1). Husband contends that Wife also failed to adhere to Rule 1920.31(a) by not waiting "at least 30 days following the filing of [her] tax returns, Income Statement, and Expense Statement" before filing her petition seeking alimony and counsel fees. ***Id.*** Husband submits that the information required by Rule 1920.31(a) "is not just a simple discovery tool that is requested by the parties in a typical civil case," but rather the filing of information is mandatory. Husband's Brief at 27. Husband maintains that prejudice is presumed based on the mandatory nature of the rule, but in any event prejudice was present here as both he and the trial court did not have the full picture of Wife's economic situation, such as whether she had any savings or investments and the exact nature of her current insurance coverage.

Rule 1920.31(a) provides in relevant part as follows:

(a)(1) If a party has raised a claim for alimony, counsel fees, or costs and expenses, the parties shall file a true copy of the most recent federal income tax return, pay stubs for the preceding six

months, a completed Income Statement in the form required by Pa.R.C.P. No. 1910.27(c)(1), and a completed Expense Statement in the form required by Pa.R.C.P. No. 1910.27(c)(2)(B). A party may not file a motion for the appointment of a master or a request for court action regarding alimony, counsel fees, or costs and expenses until at least 30 days following the filing of that party's tax returns, Income Statement, and Expense Statement. The other party shall file the tax returns, Income Statement, and Expense Statement within 20 days of service of the moving party's documents.

. . .

(3) If a party fails to file the documents as required by subdivision (a)(1), the court on motion may make an appropriate order under Pa.R.C.P. No. 4019 governing sanctions.

Pa.R.C.P. No. 1920.31(a).

Under Rule 4019, trial courts may impose sanctions on a party's failure to meet discovery obligations, upon the motion of another party to the action. Pa.R.C.P. No. 4019(a). "[T]he purpose of [Rule 4019] discovery sanctions is to secure compliance with our discovery rules and court orders in order to move the case forward and protect the substantive rights of the parties, while holding those who violate such rules and orders accountable." *Rohm & Haas Co. v. Lin*, 992 A.2d 132, 147 (Pa. Super. 2010). Rule 4019 authorizes a trial court to impose a broad range of sanctions, including, as relevant here:

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony [];

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party [];

(4) an order imposing punishment for contempt [];

- 6 -

(5) such order with regard to the failure to make discovery as is just.

Pa.R.C.P. No. 4019(c).

We agree with Husband that the requirements set forth in Rule 1920.31(a)(1) are mandatory in nature. "The word 'shall' by definition is mandatory, and it is generally applied as such." ***Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors***, 923 A.2d 1099, 1104 (Pa. 2007); ***see also In re Adoption of L.B.M.***, 161 A.3d 172, 179 (Pa. 2017). Unless its usage is ambiguous, courts must construe "shall" as mandatory. ***L.B.M.***, 161 A.3d at 179; ***Chanceford Aviation***, 923 A.2d at 1104. Rule 1920.31(a)(1) clearly states that, where a party brings a claim for alimony, counsel fees, or costs and expenses, each of the parties to the divorce "shall" file the income and expenses statements in the form set forth, as well as six months of pay stubs and their most recent tax return. Pa.R.C.P. No. 1920.31(a)(1). The rule also imposes timing requirements on the financial disclosures, providing that the moving party must file their documents more than 30 days before filing their petition and that the opposing party must file their own documents within 20 days of receipt of the moving party's submission. ***Id.***[2]

The use of the word "shall" in this rule "does not suggest anything other than the general meaning of the word" as setting forth a mandatory

---

[2] We note that while pay stubs are omitted from the timing provisions of the second and third sentences of Rule 1920.31(a)(1), the filing of six months of pay stubs is still mandated under the first sentence of the rule.

requirement. ***L.B.M.***, 161 A.3d at 179; ***see also*** Pa.R.C.P. No. 103(a) ("Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]"); Pa.R.C.P. No. 127(b) ("When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). The mandatory reading of Rule 1920.31(a)(1) is reinforced by the fact that subdivision (a)(3) permits the trial court to impose sanctions for the failure of a party to file the required financial disclosures.[3]

In this case, Wife did not fully follow the requirements of Rule 1920.31(a)(1). Wife did comply to the extent that she filed six months of pay stubs and her 2017 federal income tax return on January 30, 2019. She also filed her 2018 federal income tax return on April 25, 2019. However, Wife did not submit an income statement. Furthermore, her expense statement, which was filed on February 4, 2019, was hand-written and not in the format set forth in Rule 1910.27(c)(2)(B), nor did it contain all the relevant information listed on the form. Wife also did not wait 30 days after submitting her financial documents to pursue her claims for alimony and counsel fees, but instead she

_____

[3] Although we deem Rule 1920.31(a)(1) to impose mandatory requirements, we are also mindful of Rule 126, which provides that the Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding," and a trial court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. No. 126.

- 8 -

filed her petition on March 4, 2019, only 28 days after she filed her expense statement.

Husband requests that we vacate the awards of alimony and counsel fees based upon Wife's failure to strictly adhere to the requirements of the rule. Such relief is unwarranted. Subdivision (a)(3) of Rule 1920.31 provides recourse to a party who is dissatisfied with another party's compliance with their disclosure obligations: a motion for sanctions under Rule 4019. A motion under Rule 4019 would have encouraged Wife's compliance with her obligations under Rule 1920.31(a)(1) and afforded the trial court with the opportunity to craft a sanction appropriate to Wife's failure to provide the required documents. Husband, however, did not file a motion for sanctions either before or after the master's hearing, instead only raising the issue in his exceptions to the master's report and requesting that the trial court impose the extreme remedy of barring Wife's receipt of any amount of alimony or counsel fees. We discern no abuse of discretion in the trial court's rejection of Husband's request in light of Husband's failure to file the required motion for sanctions.[4]

---

[4] Our determination that Husband's first appellate issue merits no relief is reinforced by the fact that he also failed to fully comply with Rule 1920.31(a)(1), only filing his 2017 tax return on the date of the master's hearing and not filing pay stubs or an income or expense statement at any point during the proceedings below. As explained above, this rule imposes the requirement of filing these documents on both "parties" to a divorce in the event either one files a request for alimony or fees. Pa.R.C.P. No. 1920.31(a)(1). While Husband may claim that his lack of compliance was

The trial court also did not abuse its discretion in awarding alimony and counsel fees in spite of the fact that Wife filed her petition for alimony and counsel fees only 28 days after filing her expense statement, instead of the 30 days required by Rule 1920.31(a)(1). As the trial court explained in its opinion, Wife's pay stubs and 2017 tax return were filed on January 30, 2019, more than 30 days before the filing of the petition, and the master's hearing that was originally scheduled for March 4, 2019 was continued until April 30, 2019 upon the filing of the petition. Trial Court Opinion, 11/25/20, at 2-3. In addition, a support proceeding was ongoing at this same time, and the trial court awarded Wife $645 per month in child support and $260 in spousal support in February 2019 based upon a consideration of the parties' financial status. *Id.* at 2. Therefore, we agree with the trial court that in light of the rescheduling of the master's hearing and the parallel support proceeding, Husband did not suffer any prejudice as a result of the petition "being filed on Day [28], rather than Day 30." *Id.* at 3.[5]

_____

excused by Wife's failure to file all of required documents, this fact only reaffirms that disputes related to the parties' adherence to the obligations of Rule 1920.31(a) are best resolved through a motion for discovery sanctions where the trial court can weigh the parties' conduct throughout the proceeding.

[5] Husband also argues that the trial court abused its discretion in awarding alimony and counsel fees because the court's focus was improperly focused on allowing Wife to maintain the same level of income after her impending loss of her child support benefits. Husband's Brief at 32. However, this issue was not included in Husband's concise statement of errors filed pursuant to Rule of Appellate Procedure 1925(b). Therefore, this issue is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in Rule 1925(b) statement are

In his second appellate issue, Husband argues that the trial court abused its discretion in awarding Wife a 50% share of the ongoing royalties from the oil and gas lease on the marital property. Husband avers that the trial court "wasn't trying to effectuate economic justice amongst the parties, but instead to supplement [Wife's] monthly income." Husband's Brief at 35. Husband asserts that the trial court did not account for the fact that he has been solely responsible for paying the mortgage, property taxes, homeowner's insurance policy, and all of the other upkeep and bills on the property since the couple's separation. Husband argues that the award to Wife of an equal share of the oil and gas royalties was excessive in light of the trial court's grant to Wife of 60% of the value of the marital property and its finding that there was $23,186 of equity in the house despite the fact that Husband submitted mortgage documents to the court showing a negative equity of $14,000.

Our review of a challenge of an equitable distribution award is governed by the following standards:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice,

---

waived); *Grabowski v. Carelink Community Support Services, Inc.*, 230 A.3d 465, 476 (Pa. Super. 2020).

bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Brubaker v. Brubaker*, 201 A.3d 180, 184-85 (Pa. Super. 2018) (citation omitted).

In fashioning the equitable distribution award, the trial court is required to consider the factors set forth in Section 3502(a) of the Divorce Code, 23 Pa.C.S. § 3502(a).[6] *Goodwin v. Goodwin*, 244 A.3d 453, 463 (Pa. Super. 2020).

_____

[6] The relevant factors are:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

> However, there is no standard formula guiding the division of marital property and the method of distribution derives from the facts of the individual case. While the list of factors in Section 3502 serves as a guideline for consideration, the list is neither exhaustive nor specific as to the weight to be given the various factors. Accordingly, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions.

*Id.* (citation omitted).

Our review of the record reveals that the trial court considered each of the Section 3502(a) factors in its equitable distribution order, adopting the master's findings as applicable and supplementing the master's findings as the court saw fit. Order, 3/12/20, at 2-5. In fashioning the award, the trial court noted that Wife did not work or only worked part-time throughout the marriage as she was the primary caregiver for the couple's two children. *Id.*

---

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a).

- 13 -

at 5. The court stated that in addition to the support payments from Husband, Wife's net monthly income was $1,266 based upon her working 25 hours per week and she had no employer-provided medical insurance or retirement benefits. *Id.* The court recognized that Wife has suffered health problems and will lose medical coverage through Husband's employment upon the divorce and she is unlikely to realistically improve her earnings aside from increasing to full-time hours based upon the fact that she only has a high school diploma. *Id.* at 6-7.

The trial court noted that Husband is in good health and has full-time employment as a mechanic with employer-provided medical insurance and a modest contribution to his 401(k) plan. *Id.* Therefore, in spite of his spousal support and child support obligations, Husband still had a substantially higher net monthly income of $2,707. *Id.* at 7. Additionally, the court stated that the parties have each been receiving oil and gas royalties from the marital property since 2012, which the parties have been utilizing to meet their monthly expenses. *Id.* The court observed that the $150,000 stipulated value of the house did not encompass the value of the oil and gas deposits on the property. *Id.* at 4.

There is no dispute that the oil and gas lease was signed during the marriage and that Wife was entitled to her share of the proceeds from the lease during the course of the marriage. While, as Husband points out, he has been solely responsible for the mortgage, taxes, and expenses related to the marital property during the parties' separation, he was also exclusively in

possession of the property and therefore the only party benefitting from living in the jointly owned marital home during this same period. *Cf. Lee v. Lee*, 978 A.2d 380, 385 (Pa. Super. 2009) (trial court has discretion in equitable distribution order to award party dispossessed from marital property a credit for one-half of the fair rental value of the marital home as compensation for their inability to use the property). Furthermore, no evidence was submitted below concerning what portion of the expenses or taxes are solely attributable to the oil and gas rights on the property. We likewise find no merit in Husband's contention that the trial court overly relied on the fact of Wife's low income in arriving at the award as Section 3502(a) explicitly provides that the court shall consider the "sources of income of both parties" when distributing marital property. 23 Pa.C.S. § 3502(a)(6); *Hess v. Hess*, 212 A.3d 520, 524 (Pa. Super. 2019).

Viewing the equitable distribution award as a whole, it is clear that the trial court thoroughly considered the Section 3502(a) factors in arriving at its award. As an appellate court, we may not revisit the trial court's consideration of these factors on appeal. *Goodwin*, 244 A.3d at 465. We therefore detect no abuse of discretion in the trial court's decision to award Wife one-half of future oil and gas royalties.[7]

---

[7] We observe that, while Husband claims that the trial court's finding of over $23,000 in equity in the marital home was based upon an erroneous interpretation of the mortgage documents, this issue was not raised in Husband's Rule 1925(b) statement and therefore is not before us in this appeal.

For the foregoing reasons, we affirm the trial court's order awarding alimony and counsel fees to Wife and its equitable distribution of the parties' marital property.

March 12, 2020 order and September 23, 2020 decree affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2021