J-A20037-20

2021 PA Super 42

| | | |
|---|---|---|
| WILLIAM SCOTT SAYERS, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PATRICIA ANN SAYERS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 405 WDA 2020 |
| HERITAGE VALLEY MEDICAL GROUP, INC., ROBERT L. GRIECO, M.D., JESSICA LEIGH ANDERSON, PA.C., ADVANCED PAIN MEDICINE, P.C., MARK R. LODICO, M.D.; MATTHEW LODICO, M.D.; RICHARD PLOWEY, M.D.; KEVIN HIBBARD, M.D.; MED-FAST PHARMACY, INC.; MED-FAST PHARMACY, L.P.; GIANT EAGLE, INC. T/D/B/A GIANT EAGLE PHARMACY; WAL-MART STORES EAST, L.P. T/D/B/A WAL-MART PHARMACY AND WAL-MART STORES, INC. T/D/B/A WAL-MART PHARMACY | : : : : : : : : : : : : : : : : : : | |

Appeal from the Order Entered February 20, 2020
In the Court of Common Pleas of Beaver County Civil Division at No(s):
2017 - 10494

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

OPINION BY OLSON, J.:                    **FILED: MARCH 15, 2021**

Appellants, William Scott Sayers, individually and as administrator of

the estate of Patricia Ann Sayers, his wife, (collectively, "Appellants") appeal

from the February 20, 2020 order sustaining the preliminary objections filed

by Heritage Valley Medical Group, Inc., Robert L. Grieco, M.D., and Jessica

Leigh Anderson, PA.C. (collectively, "Heritage Valley"),[1] as well as the amended preliminary objections filed by Advanced Pain Medicine, P.C., Mark R. Lodico, M.D., Matthew Lodico, M.D., Richard Plowey, M.D., and Kevin Hibbard, M.D. (collectively, "Advanced Pain Medicine"), Med-Fast Pharmacy, Inc. and Med-Fast Pharmacy, L.P. (collectively, "Med-Fast Pharmacy"), Giant Eagle, Inc. t/d/b/a Giant Eagle Pharmacy (collectively, "Giant Eagle"), and Wal-Mart Stores East, L.P. t/d/b/a Wal-Mart Pharmacy and Wal-Mart Stores, Inc. t/d/b/a Wal-Mart Pharmacy (collectively, "Wal-Mart") (all defending parties collectively referred to as "Appellees"), and dismissing Appellants' complaint. The preliminary objections filed on behalf of Appellees alleged that Appellants failed to toll the statute of limitations through the issuance of their *writ* of summons. We affirm.

The record demonstrates that Patricia Ann Sayers ("Sayers") died on April 19, 2015, as a result of combined drug poisoning. Appellants initiated causes of action for medical malpractice[2] in connection with Sayers' death against Appellees by filing a *praecipe* for *writ* of summons on April 18, 2017. No attempt at service of the *writ* appears in the record. On August 10, 2017,

---

[1] Heritage Valley did not file amended preliminary objections.

[2] The applicable statute of limitations for "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" is two years. 42 Pa.C.S.A. § 5524(2).

Appellants filed a *praecipe* to reissue the *writ* of summons. No attempt at service of the reissued *writ* appears in the record. On March 18, 2019, current counsel entered his appearance on behalf of Appellants, and Appellants subsequently filed a *praecipe* to reissue the *writ* of summons on April 3, 2019. Appellants served the reissued *writ* of summons on each defending party at various times in April 2019.[3]

On May 20, 2019, Appellants filed a complaint against Appellees for medical malpractice. Appellees each raised, *inter alia*, a statute of limitations defense by way of preliminary objections.[4] Appellants then filed preliminary

---

[3] Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. were each served by certified mail on April 9, 2019, pursuant to Pa.R.Civ.P. 403 and 404 (pertaining to the procedure for service outside the Commonwealth). Dr. Anderson was served pursuant to Rules 403 and 404 by certified mail on April 10, 2019. Heritage Valley Medical Group, Inc. and Dr. Grieco were served on April 24, 2019, by the Beaver County Sheriff's Department. Giant Eagle was served on April 24, 2019, by the deputized Allegheny County Sheriff's Department. Advanced Pain Medicine, P.C., Dr. Mark Lodico, Dr. Matthew Lodico, Dr. Plowey, and Dr. Hibbard were each served on April 25, 2019, by the deputized Allegheny County Sheriff's Department. Med-Fast Pharmacy, Inc. and Med-Fast Pharmacy, L.P. were served on April 29, 2019, by the Beaver County Sheriff's Department.

[4] Heritage Valley filed preliminary objections on June 24, 2019. Advanced Pain Medicine filed preliminary objections on June 26, 2019, and revised preliminary objections on September 11, 2019. Med-Fast Pharmacy filed preliminary objections on June 24, 2019, and revised preliminary objections on September 18, 2019. Giant Eagle filed preliminary objections on July 1, 2019, and revised preliminary objections on September 13, 2019. Wal-Mart filed preliminary objections on June 24, 2019, and revised preliminary objections on September 19, 2019.

objections to Appellees' preliminary objections.[5] The trial court entertained argument on the parties' respective positions on January 28, 2020. At argument, Appellees asserted that the *writ* of summons issued by Appellants did not toll the applicable statute of limitations. N.T., 1/28/20, at 7-13. Appellants did not dispute the substantive merit of this assertion but merely responded that the statute of limitations defense must be raised in new matter and, therefore, it did not constitute grounds to dismiss Appellants' complaint. *Id.* at 14-18. Finding that the pleadings and record clearly established that the *writ* of summons issued by Appellants failed to toll the statute of limitations, the trial court addressed the statute of limitations defense in the interest of judicial economy and dismissed Appellants' complaint. Trial Court Opinion, 2/20/20, at 10-11. This appeal followed.

Appellants raise the following issues for our review:

[1.] Whether the trial court abused its discretion and/or erred as a matter of law in granting Appellees' preliminary objections on statute of limitation grounds where that affirmative defense must be plead[ed] in [] new matter and not in preliminary objections?

[2.] Whether the trial court abused its discretion and/or erred as a matter of law in dismissing all [Appellees] on partial grounds of lack of [personal] jurisdiction where not all [Appellees] raised this defense in their responsive pleading and[,] therefore[,] waived it?

---

[5] Appellants filed preliminary objections to Appellees' preliminary objections on July 12, 2019, and amended preliminary objections to Appellees' preliminary objections on July 29, 2019, and September 20, 2019.

Appellants' Brief at 7.

Appellants' first issue challenges the trial court's order sustaining Appellees' preliminary objections and dismissing Appellants' complaint on the grounds that Appellants' *writ* of summons failed to toll the applicable statute of limitations. *Id.* at 12-15. Appellants contend that all affirmative defenses, including a statute of limitations defense, must be raised in new matter and that Appellees incorrectly raised a statute of limitations defense in their preliminary objections. *Id.* Appellants assert that the trial court erred by overlooking "Appellees' failure to raise their statute of limitations defenses in [] new matter" and "reached an improperly plead[ed] issue on the merits" in reliance upon judicial economy. *Id.*

Whether a trial court may address the merits of a statute of limitations defense, when improperly raised in preliminary objections as opposed to new matter, requires this Court to interpret the Rules of Civil Procedure. Thus, our standard of review is *de novo* and our scope of review is plenary. ***See Neducsin v. Caplan***, 121 A.3d 498, 507 (Pa. Super. 2015), *appeal denied*, 131 A.3d 492 (Pa. 2016). "The object of all interpretation and construction of [the Rules of Civil Procedure] is to ascertain and effectuate the intention of [our] Supreme Court." Pa.R.Civ.P. 127(a). In so doing, the Rules are to be "liberally construed to secure the just, speedy[,] and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126.

Generally, a statute of limitations defense is properly raised in new matter and not in preliminary objections. *See* Pa.R.Civ.P. 1030(a) (stating, "all affirmative defenses including but not limited to the defenses of . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'"). This Court in *Cooper v. Downington Sch. Dist.*, however, held that,

> [a]lthough the issue of the expiration of the statute of limitations is properly raised under new matter, rather than by preliminary objection, we will reach the merits at this time, in the interests of judicial economy, for two reasons. First, it was briefed, argued, and considered in the [trial] court. Secondly, once the statute of limitations is raised in new matter, [the defendant's] right to a judgment on the pleadings, based on the statute of limitations, will be clear. Therefore, we see no reason to remand this case for further pleadings.

*Cooper v. Downington Sch. Dist.*, 357 A.2d 619, 621 (Pa. Super. 1976) (citations and footnotes omitted). This Court rejected the application of *Cooper* in *Duffee v. Judson*, a case involving a statute of frauds defense, stating that our Supreme Court's holding in *Brown v. Hahn*, 213 A.2d 342 (Pa. 1965) was the "better rule" for considering the propriety of raising a statute of frauds defense in preliminary objections. *Duffee v. Judson*, 380 A.2d 843, 845 (Pa. Super. 1977). In *Brown*, our Supreme Court held,

> if the particular statute of frauds operates to bar or destroy the plaintiff's right of action, irrespective of the action of the defendant, such statute may be raised by preliminary objections [pursuant to] Rule 1017(b)[. I]f the particular statute of frauds merely gives the defendant a waivable defense, [however,] the plaintiff will have stated a cause of action to which the defendant may, if he chooses, defend on the ground of the statute [of frauds]

- 6 -

and, under such circumstances, the statute [of frauds] must be asserted under 'New Matter' [pursuant to] Rule 1030.

**Brown**, 213 A.2d at 344 (extraneous capitalization omitted).

Unlike Appellants, who read **Duffee** as forbidding a flexible and efficient application of our Rules of Civil Procedure, we find **Duffee** distinguishable from the case *sub judice*. In **Duffee**, the plaintiff failed to admit or plead on the record the relevant facts that demonstrated the defendant's right to prevail under the statute of frauds. **Duffee**, 380 A.2d at 845 n.2. In other words, it was not clear from the record in **Duffee** that if the statute of frauds defense were raised as new matter, and not by means of preliminary objections, the defendant had the right to obtain a judgment on the pleadings. Moreover, it is important to note that our Supreme Court, in **Brown** (the legal precedent underpinning **Duffee**), addressed the merits of the statute of frauds defense, despite the Court's conclusion that the defense was raised improperly by way of preliminary objections. The Court, in **Brown**, stated,

> [e]ven though [defendant] erred procedurally, . . . we should decide this appeal on its merits as though the issue of the statute of frauds had been properly raised under Rule 1030. All the relevant documents have been stipulated by the parties and made part of the record, the question of the statute of frauds was presented to and determined by the court below and both parties have briefed and argued the question before this Court. Nothing is to be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy.

**Brown**, 213 A.2d at 346. In other words, the "best rule" as articulated by the **Brown** Court was the exception set forth in **Cooper** that permits a trial

- 7 -

court to address an affirmative defense on the merits when it has been briefed, argued, and considered by the trial court, and it is apparent from the record that, if the affirmative defense were properly raised in new matter, the defending party would have a right to judgment on the pleadings.

We find further support for the *Cooper* exception in *Pelagatti v. Cohen*, where this Court reiterated its endorsement of the *Cooper* exception permitting merits review in certain instances and held that, "while [an] affirmative defense [] is generally to be [pleaded] in new matter, an affirmative defense may be raised by way of preliminary objections **where it is established on the face of the complaint**, or where the plaintiff fails to object to the procedural irregularity."[6]  *Pelagatti v. Cohen*, 536 A.2d 1337, 1346 (Pa. Super. 1987) (emphasis added), *appeal denied*, 548 A.2d 256 (Pa. 1988).

Having found the principle set forth in *Cooper* to be a logical and efficient, albeit limited, exception to the requirement that a statute of limitations defense must be raised in new matter and not *via* preliminary objections, we turn now to the case *sub judice*.  Upon review, we discern no error in the trial court's consideration of the merits of Appellees' statute of limitations defense because (1) all parties briefed and argued the merits of

---

[6] It is axiomatic that if the procedural error can be overlooked in the instance when the plaintiff does not object to the irregularity, the procedural error can be overlooked when the issue has been briefed, argued, and considered by the trial court and the outcome is apparent on the face of the record.

the statute of limitations defense, and the trial court considered the same, and (2) the record demonstrates that if the statute of limitations defense were raised in new matter, Appellees' right to judgment on the pleadings is clear, as discussed more fully, *infra*. Thus, although Appellees improperly raised their statute of limitations defense by way of preliminary objections and not *via* new matter, we shall consider Appellants' substantive challenge to the order sustaining Appellees' preliminary objections on grounds that Appellants' *writ* of summons did not toll the applicable statute of limitations.

In reviewing an order disposing of preliminary objections, our standard of review is well-settled. This Court reviews an order sustaining, or overruling, preliminary objections for an error of law and in so doing, must apply the same standard as the trial court. ***Haun v. Community Health Sys., Inc.***, 14 A.3d 120, 123 (Pa. Super. 2011) (citation omitted).

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Id.*** (citation and quotation marks omitted).

Pennsylvania Rule of Civil Procedure 1007 states that an action may be commenced by filing a *praecipe* for *writ* of summons or a complaint with the

prothonotary. *See* Pa.R.Civ.P. 1007. In *Lamp v. Heyman*, 366 A.2d 882, (Pa. 1976), our Supreme Court held, "a *writ* of summons [remains] effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he[, or she,] has just set into motion." *Lamp*, 366 A.2d at 889. The *Lamp* Court explained that the purpose of Rule 1007 was, "to provide certainty as to the commencement of an action and to remove a subsequent failure to effect service from consideration in determining whether the statute of limitations has been tolled." *Id.* at 886. In order to toll the statute of limitations upon the filing of a *praecipe* for *writ* of summons, the plaintiff must make "a good-faith effort to effectuate notice of commencement of the action" in order that the plaintiff does not "retain exclusive control over [an action] for a period in excess of that permitted by the statute of limitations." *Farinacci v. Beaver County Indus. Dev. Auth.*, 511 A.2d 757, 759-760 (Pa. 1986) (citation omitted) (holding, that good-faith efforts to effectuate service of the *writ* are not excused by "counsel's faulty memory" to serve the *writ*).

Our Supreme Court explained that the purpose of its holding in *Lamp* was,

> to end abuses of process by plaintiffs who tolled the statute of limitations by filing a *writ* of summons, had the *writ* repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation. This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims.

*McCreesh v. City of Philadelphia*, 888 A.2d 664, 665, 671 (Pa. 2005) (stating, "the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled").

Here, in support of its decision to sustain Appellees' preliminary objections and dismiss Appellants' complaint based, *inter alia*, upon the statute of limitations defense, the trial court reasoned,

> The record in this case clearly establishes that [Appellants' original] counsel simply filed a *praecipe* for *writ* of summons, and a *writ* of summons was issued. Nothing was done with the *writ* of summons for over 23 months. No steps were even taken to get it to the sheriff of Beaver County for service. [The trial court] provided ample opportunity for discovery before addressing this issue and that discovery establishes that [Appellants'] original [] counsel has no evidence or information that the *writ* was ever delivered to the sheriff for service. The deposition transcripts of original counsel contained in the joint evidence of [Appellees] further reflect that [Appellants' current] counsel was actually tangentially involved in the process during the time period in question. Thus, [the trial] court has no alternative but to [sustain] the preliminary objections and dismiss the action[.]

Trial Court Opinion, 2/20/20, at 10 (extraneous capitalization and footnote 7 omitted).[7]

---

[7] The facts referred to by the trial court (and in this decision, *infra*,) were generated through discovery conducted at the direction of the trial court pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(2), permitting limited discovery in the context of preliminary objections when the defending party raises, *inter alia*, an issue of improper service of a *writ* of summons. *See* Trial Court Opinion, 2/20/20, at 3, 5 n.5 (stating, "[t]he discovery responses [made] it extremely clear that the [*writ* of summons] was not even provided to the [s]heriff of Beaver County for purposes of service").

The record demonstrates that Appellants' original counsel recalled sending the *praecipe* for *writ* of summons to the Beaver County prothonotary on April 18, 2017, and including the addresses for all defending parties.[8] Original counsel Deposition, 12/3/19, at 15. Original counsel was unable, however, to locate any evidence demonstrating that he instructed the Beaver County Sheriff to serve the *writ*. *Id.* at 18. Upon the reissuance of the *writ* in August 2017, he had no recollection of any correspondence forwarding the *writ* to the sheriff for service or any evidence showing that the *writ* had been served. *Id.* at 22-29.

The docket demonstrates that the *writ* of summons was originally issued on April 18, 2017, reissued on August 10, 2017, and reissued a second time on April 3, 2019. Between April 18, 2017, when the *writ* was originally issued, and April 17, 2019, when the first proofs of service of the *writ* were filed,[9] there is no evidence demonstrating proper service or good-faith efforts to serve the *writ* on Appellees.[10]

---

[8] Original counsel's letter to the prothonotary, which accompanied the *praecipe* for *writ* of summons, stated, "Thank you for your consideration in accepting for filing, the *praecipe* for *writ* of summons in the above captioned matter. As requested, below you will find a list of [Appellees'] addresses." *See* Original counsel Deposition, 12/3/19, at Exhibit 3.

[9] On April 17, 2019, proofs of service were filed demonstrating that the *writ* had been served on Wal-Mart and Dr. Anderson.

[10] The first entry of appearance by a defending party on the record was filed by counsel for Giant Eagle on April 29, 2019, more than two years after the initial issuance of the *writ*.

Based upon the record before us, we concur with the trial court's conclusion that the record contains "no evidence or information that the *writ* was ever delivered to the [s]heriff for service." Trial Court Opinion, 2/20/20, at 10. Moreover, original counsel's explanation of events or, more specifically, his failure to detail any facts relating to service of process between the initial issuance of the *writ* on April 18, 2017, and the final reissuance of the *writ* on April 3, 2019, fails to demonstrate a good-faith effort on the part of Appellants to serve the *writ* on Appellees. Therefore, Appellants failed to toll the statute of limitations upon the filing of a *praecipe* for *writ* of summons on April 18, 2017. Consequently, the record clearly demonstrates that the statute of limitations bars Appellants from bringing their present action for medical negligence, and Appellees were entitled to an order sustaining their preliminary objections and dismissing Appellants' complaint.[11] There is

_____

[11] As to Appellants' second issue, a review of the record demonstrates that only Giant Eagle and Med-Fast Pharmacy raised the issue of personal jurisdiction in their amended preliminary objections. Giant Eagle and Med-Fast Pharmacy were served with the reissued *writ* of summons on April 24, 2019, and April 29, 2019, respectively. Therefore, the trial court obtained personal jurisdiction over these two defending parties upon the service of the *writ*. **See McCreesh**, 888 A.2d at 666 n.1 (holding, that jurisdiction attaches upon proper service of process). Therefore, the trial court erred in sustaining Giant Eagle's and Med-Fast Pharmacy's amended preliminary objections on the grounds that the trial court lacked personal jurisdiction.

The issue of personal jurisdiction was waived by Heritage Valley, Advanced Pain Medicine, and Wal-Mart because these three defending parties failed to raise the issue in their respective preliminary objections and amended preliminary objections. **See** Pa.R.Civ.P. 1032 (stating, that with few exceptions, none of which apply in the instant case, a "party waives all

nothing to be gained by remanding this case back to the trial court so Appellees can set their procedural houses in order.[12]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2021

_____

defenses and objections which are not presented either by preliminary objection, answer or reply"). Therefore, the trial court obtained personal jurisdiction of these three defending parties upon the filing of their preliminary objections. *See Encelewski v. Associated-East Mortgage Co.*, 396 A.2d 717, 719 (Pa. Super. 1978) (holding, that a trial court is vested with personal jurisdiction upon the filing of preliminary objections in which a party fails to raise the issue of lack of personal jurisdiction). Consequently, the trial court erred in sustaining Heritage Valley's preliminary objections and the amended preliminary objections filed by Advanced Pain Medicine and Wal-Mart on the grounds that the trial court lacked personal jurisdiction.

Notwithstanding the trial court's error in sustaining the preliminary objections filed by Giant Eagle, Med-Fast Pharmacy, Heritage Valley, Advanced Pain Medicine and Wal-Mart on the basis of lack of personal jurisdiction, Appellants' complaint filed against these Appellees was still properly dismissed on the basis of the statute of limitations.

[12] Notwithstanding the result reached in the Opinion, this Court does not condone or excuse counsels' failure to follow the Rules of Civil Procedure.