J-S15021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT GENE REGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A BRIDGE TO INDEPENDENCE | : | No. 151 WDA 2021 |

Appeal from the Order Entered January 20, 2021
In the Court of Common Pleas of Greene County Civil Division
at No: 208 CV 2020

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:         **FILED: July 2, 2021**

Robert Gene Rega (Appellant) appeals *pro se* from the order sustaining the preliminary objections (POs) filed by Appellee, A Bridge to Independence (ABI), and dismissing Appellant's action. We affirm.

On April 27, 2020, Appellant filed a *pro se* writ of mandamus with the Greene County Court of Common Pleas in which he requested the court compel ABI to recognize Appellant as the lawful agent of his 84-year-old mother, Joan Mary Rega (Mrs. Rega), pursuant to a broad, durable power of attorney (POA) dated April 9, 2019. Appellant claimed – contrary to ABI's position – that the POA was lawfully executed and enforceable under Chapter 56 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§ 5601, *et seq.* (POA Code).

_____

* Retired Senior Judge assigned to the Superior Court.

The POA authorized Appellant to make decisions on behalf of Mrs. Rega, including, *inter alia*, health care **and financial decisions**. *See generally* POA, 4/9/19. Appellant alleged that Mrs. Rega "suffers from Alzheimer's Disease and Dementia." Writ of Mandamus, 4/27/20, at ¶ 1. According to Appellant, ABI "is, *inter alia*, a service coordinator entity . . . of which finding home care providers is their primary purpose." *Id.* at ¶ 11 (some capitalization omitted). Appellant argued ABI improperly refused to comply with his directives made on behalf of Mrs. Rega, including finding her a home care medical provider. *See id.* at ¶¶ 14-18; *see also id.* at ¶ 20 (claiming ABI was "not looking at all for a home care provider, but . . . seeking to have [Mrs.] Rega permanently placed in a nursing home, contrary to [Appellant's] wishes and directives.").

After conferring with counsel, ABI determined the POA was invalid and unenforceable under the POA Code. *See* 20 Pa.C.S.A. § 5608.1(b)(6) ("A person may not be required to accept a power of attorney if . . . [t]he person in good faith believes that the power of attorney is not valid or the agent does not have the authority to perform the act requested[.]"). ABI therefore refused to accept any further directives from Appellant on behalf of Mrs. Rega.

On June 6, 2020, ABI filed POs asserting, *inter alia*, that the POA contained material deficiencies regarding the statutorily-mandated text and form of the notice and agent acknowledgement provisions of the POA Code,

which are necessary for a valid and enforceable POA.  Section 5601(c) of the

POA Code provides:

> All powers of attorney shall include the following notice in capital letters at the beginning of the power of attorney.  The notice shall be signed by the principal.  In the absence of a signed notice, upon a challenge to the authority of an agent to exercise a power under the power of attorney, the agent shall have the burden of demonstrating that the exercise of this authority is proper.
>
> NOTICE
>
> The purpose of this power of attorney is to give the person you designate (your "agent") broad powers to handle your property, which may include powers to sell or otherwise dispose of any real or personal property without advance notice to you or approval by you.
>
> This power of attorney does not impose a duty on your agent to exercise granted powers, but when powers are exercised, your agent must use due care to act for your benefit and in accordance with this power of attorney.
>
> Your agent may exercise the powers given here throughout your lifetime, even after you become incapacitated, unless you expressly limit the duration of these powers or you revoke these powers or a court acting on your behalf terminates your agent's authority.
>
> Your agent must act in accordance with your reasonable expectations to the extent actually known by your agent and, otherwise, in your best interest, act in good faith and act only within the scope of authority granted by you in the power of attorney.
>
> The Law permits you, if you choose, to grant broad authority to an agent under power of attorney, including the ability to give away all of your property while you are alive or to substantially change how your property is distributed at your death.  Before signing this document, you should seek the advice of an attorney at law to make sure you understand it.

A court can take away the powers of your agent if it finds your agent is not acting properly.

The powers and duties of an agent under a power of attorney are explained more fully in 20 Pa.C.S. Ch. 56.

If there is anything about this form that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

I have read or had explained to me this notice and I understand its contents.

(Principal) (Date)

20 Pa.C.S.A. § 5601(c) (underlining added).

In this instance, the POA Notice failed to include the language underlined

above. *See* POA, 4/9/19, Notice.

Rule 5601 further provides:

An agent shall have no authority to act as agent under the power of attorney unless the agent has first executed and affixed to the power of attorney an acknowledgment in substantially the following form:

I, ….…….., have read the attached power of attorney and am the person identified as the agent for the principal. I hereby acknowledge that when I act as agent:

I shall act in accordance with the principal's reasonable expectations to the extent actually known by me and, otherwise, in the principal's best interest, act in good faith and act only within the scope of authority granted to me by the principal in the power of attorney.

(Agent)(Date)

*Id.* § 5601(d).

Although the POA contained an acknowledgment, it did not include the

above language. *See* POA, 4/9/19, at 7-8.

- 4 -

Appellant filed a response in opposition to the POs on August 17, 2020. Appellant stated that in May 2020, he "provided [ABI] with an **amended** Notice and Agent Acknowledgment [in compliance with 20 Pa.C.S.A. § 5601(c) and (d)] as a codicil containing the very [statutory] language" that the original POA omitted. Response, 8/17/20, at ¶ 11 (emphasis added). Appellant further argued:

> [ABI] had an option to seek an affidavit or certification statement from [Appellant] and/or seek an opinion from counsel to determine whether [Appellant] was acting within the scope of his authority, or even determine whether [20 Pa.C.S.A. §] 5601(e.2)[1] exempted a Notice [under] § 5[6]01(c) and/or an Agent Acknowledgment [under] § 5601(d), before refusing to accept [the POA.] They did none of the above. Notwithstanding, once [ABI] accepted the [POA], they cannot thereafter reject the [POA] after previously acting upon [Appellant's] directives.
>
> The [POA] was attached to the Writ of Mandamus [and] possesses a Notice and Agent Acknowledgment; however, it was inadvertently drafted from the pre-2016 Amendments to [20 Pa.C.S.A. § 5601].

Brief in Support of Response, 8/17/20, at 4 (footnote added; some citations and emphasis omitted).

By order entered January 20, 2021, the trial court sustained ABI's POs and dismissed Appellant's action. The court reasoned:

> The original POA, Notice, and Acknowledgment were executed and notarized on April 9, 2019. A Notice and an Acknowledgment, intent on perfecting the improper notice, were

---

[1] Subsection (e.2) provides: "[Subsections 5601](c) and (d) and section 5601.3 do not apply to a power of attorney which **exclusively** provides for **health care decision making or mental health care decision making**." 20 Pa.C.S.A. § 5601(e.2) (emphasis added).

signed on May 11, 2020, by both [Appellant] and his mother, Mrs. Rega. [Appellant's] execution of the additional documentation indicates his understanding, acceptance, and agreement that such instruments were necessary to correct the original POA and thus have a valid and enforceable POA. Accordingly, the POA was invalid until the Notice and Acknowledgment were signed on May 11, 2020, and [Appellant] has indicated that [ABI's] conduct complained of occurred before May 11, 2020.

In [Appellant's] writ of mandamus and attachments thereto, he indicates that [Mrs. Rega] is 84 years old, "is very sick (on hospice)", and that "she suffers from Alzheimer's disease and dementia." As such, the court is without sufficient knowledge as to the validity of the POA, at and after the May 11, 2020 execution of the additional Notice and Acknowledgment.

However, the court will acknowledge that the allegations complained of occurred before the execution of these additional documents on May 11, 2020 and thus the validity of the POA after that date is not a question currently before the court. As the writ of mandamus indicates [Appellant] acted, prior to May 11, 2020, pursuant to a POA that was in fact invalid, the [c]ourt finds that it must agree with [ABI].

Order, 1/20/21, at 6-7 (some capitalization omitted).

Appellant timely filed a notice of appeal, after which both the trial court and Appellant complied with Pa.R.A.P. 1925. Appellant presents four issues for our review:

WHETHER THE COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT'S POWER OF ATTORNEY WAS NOT ENFORCEABLE PURPORTEDLY DUE TO THE "NOTICE" AND "AGENT ACKNOWLEDGMENT" NOT CONFORMING WITH THE SPECIFIC LANGUAGE OF 20 P[a.]C.S.A. § 5601(c) & § 5601(d) DESPITE A "NOTICE" & "AGENT ACKNOWLEDGMENT" BEING ATTACHED TO THE BODY OF THE POWER OF ATTORNEY, BUT THAT SAID VERBIAGE WAS FROM THE PRE-2016 AMENDMENT TO THE STATUTE[?]

WHETHER THE COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT'S

POWER OF ATTORNEY WAS NOT ENFORCEABLE PURPORTEDLY DUE TO THE "NOTICE" AND "AGENT ACKNOWLEGDMENT" NOT CONFORMING WITH THE SPECIFIC LANGUAGE OF 20 P[a.]C.S.A. § 5601(c) & § 5601(d) WHEN THE BODY OF THE POWER OF ATTORNEY EXCLUSIVELY PROVIDED FOR MEDICAL AND/OR MENTAL HEALTH DECISION MAKING AT THE EXCLUSION OF ALL OTHER UNENFORCEABLE ARTICLES (ARTICLE-III(3)), THUS MAKING THE POWER OF ATTORNEY ENFORCEABLE AT ALL TIMES RELEVANT[?]

WHETHER THE COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT'S POWER OF ATTORNEY WAS NOT ENFORCEABLE PURPORTEDLY DUE TO THE "NOTICE" NOT CONFORMING WITH THE SPECIFIC LANGUAGE OF 20 P[a.]C.S.A. § 5601(c) WHEN [APPELLANT] DEMONSTRATED PURSUANT TO THE BURDEN SHIFTING LANGUAGE OF § 5601(c), THAT HIS EXERCISE OF AUTHORITY WAS PROPER BY THE AMENDED CODICIL WHICH DEMONSTRATED THAT THE PRINCIPAL INTENDED [THAT APPELLANT] EXERCISE[] FULL AUTHORITY PURSUANT TO THE PROVISIONS OF THE POWER OF ATTORNEY, AT ALL TIMES RELEVANT[?]

WHETHER THE COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN FAILING TO APPREHEND THAT 20 P[a.]C.S.A. § 5601(c) & § 5601(d) ONLY APPLIES TO POWERS OF ATTORNEY WHICH INVOLVE MONETARY ACTS OF AUTHORITY, AND THAT ONCE THE COURT DETERMINED THE POWER OF ATTORNEY WAS UN[E]NFORCEABLE DUE TO A FAILURE TO ATTACH THE PROPER "NOTICE" AND/OR "AGENT ACKNOWLEDGMENT" THE POWER OF ATTORNEY WAS AUTOMATICALLY CONVERTED INTO AN EXCLUSIVE POA FOR MEDICAL AND/OR MENTAL HEALTH DECISION MAKING PURSUANT TO 20 P[a.]C.S.A. § 5601(e.2), AS PRESCRIBED BY (ARTICLE-III(3)), OF THE POWER OF ATTORNEY, THUS ENFORCEABLE PURSUANT TO ANY DIRECTIVE THAT EXCLUSVELY INVOLVED A MEDICAL AND/OR MENTAL HEALTH DIRECTIVE WHICH IS WHAT ALL OF APPELLANT'S DIRECTIVES TO [ABI] CONSTITUTED[?]

Appellant's Brief at 5. As Appellant's issues are related, we address them together.

Preliminarily, we note Appellant filed with this Court a *pro se* motion to strike (motion to strike) the brief ABI filed on April 29, 2021. Appellant argues ABI "deliberately failed to mail to Appellant their Response Brief until May 17, 2021; Appellant believes . . . that it was done to prevent Appellant from filing a response brief to [ABI's] brief." Motion to Strike, 5/20/21, at ¶ 5. Appellant attached a photocopy of an envelope bearing a United Parcel Service label dated May 17, 2021, and avers the envelope contained ABI's brief. ***See id.***, Exhibit B-1. Appellant concedes, however, that ABI's counsel attached to ABI's brief a certificate of service, pursuant to Pa.R.A.P. 121,[2] stating that counsel served Appellant with a copy of ABI's brief on April 28, 2021 by first-class mail. ***See id.***, Exhibit A. We discern no impropriety by ABI and therefore deny the motion to strike.

We next acknowledge with regard to preliminary objections:

This Court reviews an order sustaining, or overruling, preliminary objections for an error of law and in so doing, must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If

---

[2] Rule 121 provides: "Copies of all papers filed by any party . . . shall, concurrently with their filing, be served by a party or person acting on behalf of that party or person on all other parties to the matter." Pa.R.A.P. 121(b); ***see also*** Pa.R.A.P. 122.

any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Sayers v. Heritage Valley Med. Grp., Inc.***, 247 A.3d 1155, 1160-61 (Pa. Super. 2021) (citations omitted).

On appeal, Appellant argues:

[The POA] was enforceable and legally valid for the following reasons: 1) The original POA had attached to it, a signed Notice and Agent Acknowledgment; 2) [ABI] received [Appellant's executed May 2020] codicil, [*i.e.,*] an amended Notice and Agent Acknowledgment which contained the precise verbiage as stated in 20 Pa.C.S.A. § 5601(c) and (d), which cured the omitted language; 3) [20 Pa.C.S.A.] § 5601(e.2), [***supra***,] exempted the requirements of § 5601(c) & (d)[; and 4)] finally, Appellant's directives constituted medical and/or mental health directives.

Appellant further argues that the "Notice" requirement is required only for monetary directives. However, Appellant's directives were not monetary in nature, but rather medical[.]

Appellant's Brief at 8.

Appellant further emphasizes the POA contained a severability provision (severability clause) and asserts, pursuant to the severability clause, that any deficiencies in the POA did not render the entire document invalid. ***See id.*** at 16-17 (citing POA, 4/9/19, Article IV § (3)[3] (providing "If any part of this instrument, including any provision contained herein, shall be deemed invalid or unenforceable under applicable law, such part shall be ineffective to the

---

[3] Appellant incorrectly states that the severability clause is contained in Article III § (3) of the POA.

extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this document.").

Finally, in claiming that any deficiencies in the POA did not invalidate the entire document, Appellant cites 20 Pa.C.S.A. § 5601(d), which states: "An agent shall have no authority to act as agent under the power of attorney unless the agent has first executed and affixed to the power of attorney an acknowledgment in **substantially** the following form . . . ." *Id.* (emphasis added); *see also* Appellant's Brief at 14.

Upon review, we find no merit to Appellant's claims. It is undisputed that the POA was not executed in compliance with 20 Pa.C.S.A. 5601(c) and (d), and Appellant failed to meet his burden to prove the POA complied with the POA Code. *See id.* § 5601(c) ("In the absence of a signed notice, upon a challenge to the authority of [a purported] agent to exercise a power under the power of attorney, the agent shall have the burden of demonstrating that the exercise of [] authority is proper."); *accord Vine v. Commonwealth*, 9 A.3d 1150, 1162 (Pa. 2010) ("In its official comment regarding [the pre-amendment version of subsection 5601(c)], the Legislature specified that a primary purpose of the notice requirement is to protect the principal; it was not evidently aimed at protecting third parties." (superseded by statute)).

Contrary to Appellant's assertion, the severability clause is irrelevant because the entire POA was invalid. Further, the record belies Appellant's claim that subsection "5601(e.2) exempted the requirements of § 5601(c) &

(d)" from the POA. Appellant's Brief at 8. Indeed, the broad, durable POA granted Appellant authority to make **many decisions** on behalf of Mrs. Rega in addition to medical directives, including financial decisions. Moreover, even if Appellant is correct that he made only medical directives on behalf of Mrs. Rega, this would not alter the fact that the POA as written was facially invalid under §§ 5601(c) and (d). We are also unpersuaded by Appellant's reliance on the word "substantially" contained in subsection 5601(d); the POA did not substantially comply with either subsection 5601(d) or subsection 5601(c), the latter of which does not contain the term "substantially."

Finally, Appellant argues ABI waived its objection to any defects in the POA because ABI previously accepted Appellant's directives under the POA. Appellant's Brief at 12. However, where a third party accepts a purported agent's directives under an invalid POA, nothing precludes it from subsequently challenging the document's validity. Subsection 5608(f) of the POA Code provides:

> A person who has accepted a power of attorney . . . and has acted upon it by allowing the agent to exercise authority granted under the power of attorney, shall not be precluded from requesting at later times a certification or opinion of counsel . . . with regard to any further exercise of authority by the agent under the power of attorney.

20 Pa.C.S.A. § 5608(f); *see also* ABI's Brief at 4 (noting ABI "sought the opinion of counsel as to the validity of the POA after receipt of [a] letter from PA Health and Wellness [Mrs. Rega's insurer], dated April 29, 2020").[4]

For the above reasons, we are not persuaded that the trial court abused its discretion in sustaining ABI's POs and dismissing Appellant's action.

Order affirmed. Motion to strike denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2021

---

[4] Appellant's reliance on **Nat'l Slovak Soc'y v. Allenbaugh**, 2017 Pa.D.&C. Dec. LEXIS 250 (C.C.P. Allegheny 2017) is misplaced. "[D]ecisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority." **Wilson v. Parker**, 227 A.3d 343, 356 (Pa. Super. 2020) (citation omitted). Further, **Allenbaugh** does not support Appellant's contention. **See Allenbaugh**, **supra** at **4-5 (rejecting third party's claim that § 5608(f) gave it "a complete statutory defense").