J-A09034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORENE HUDSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DR. VENKATESH SUNDARARAJAN | : | No. 2106 EDA 2021 |
| AND CENTER OF INTERVENTIONAL | : | |
| PAIN AND SPINE | : | |

Appeal from the Order Entered September 9, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2021-06144-TT

BEFORE:  NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 13, 2022**

Lorene Hudson (Plaintiff) appeals *pro se* from the order of the Court of Common Pleas of Chester County (trial court) dismissing with prejudice her action against Dr. Venkatesh Sundararajan and the Center of Interventional Pain and Spine (Medical Providers).  We affirm.

Plaintiff first sued Medical Providers on October 15, 2019, when she filed a *pro se* complaint sounding in medical malpractice.  As alleged in the complaint, on July 28, 2015, Plaintiff went to Dr. Sundararajan for a steroid injection for injuries that she suffered in a car accident.  According to her, during the procedure, Dr. Sundararajan implanted a microchip that Plaintiff

_____

[*] Retired Senior Judge assigned to the Superior Court.

did not discover until some unspecific time in 2017 when "it was maliciously activated electronically." Because Plaintiff failed to file a certificate of merit, Medical Providers served her with notice of intention to enter judgment of non pros under Pa.R.C.P. 1042.3. When she failed to file a certificate of merit in response, Medical Providers filed a praecipe to enter judgment of non pros under Pa.R.C.P. 237.4. On January 3, 2020, the trial court entered judgment of non pros in favor of Medical Providers.

Plaintiff filed this, her second, *pro se* action against Medical Providers on August 3, 2021. This time, while largely copying and pasting the factual allegations from her first complaint, Plaintiff recast her claims as intentional torts rather than medical malpractice. Medical Providers responded by filing a motion to dismiss the complaint based on (1) Plaintiff merely re-filing her unsuccessful first complaint, and (2) her claims being time-barred by the statute of limitations.[1] Plaintiff responded to the motion but did not address

---

[1] A statute of limitations defense is properly raised in new matter. **See** Pa.R.C.P. 1030(a). However, "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." **Richmond v. Hale**, 35 A.3d 779, 782 (Pa. Super. 2012) (citation omitted). Because Plaintiff raised no objection to the statute of limitations defense being raised in a motion to dismiss, any procedural defect has been waived. **See Cooper v. Dowington School Dist.**, 357 A.2d 619, 621 (Pa. Super. 1976) (addressing merits of a statute of limitations defense raised by preliminary objections in the interest of judicial economy, where no objection to such procedure was made); **see also Sayers**

either argument for dismissal. Instead, she focused on her prior failure to include a certificate of merit and argued none was required because she was raising an intentional tort claim. On September 9, 2021, the trial court granted the Medical Provider's motion and dismissed Plaintiff's action with prejudice. After Plaintiff filed this appeal, the trial court clarified in its Pa.R.A.P. 1925(a) opinion that it dismissed her action because it was time-barred by the statute of limitations:

> [Plaintiff] has done nothing more than attempt to recast her unsuccessful First Action as an intentional tort. Whether cast as a medical malpractice claim or as an intentional tort, the statute of limitations expired two years after the cause of action accrued. 42 Pa.C.S.A. § 5524. [Plaintiff] pleads that she discovered her injury in December 2017 when the microchip was activated. (Both complaints, ¶ 9)[.] The Second Action was filed in August 2021, more than two years following [Plaintiff's] discovery of her injury. Regardless of whether an injury is ongoing, the statute of limitations is triggered when a plaintiff learns that she has been injured. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 86, 468 A.2d 468, 471-72 (1983).

Trial Court Opinion, 11/30/21, at 2-3.[2]

---

*v. Heritage Valley Medical Group, Inc.*, 247 A.3d 1155, 1160 (Pa. Super. 2021) (finding trial court did not err in addressing merits of defendants' preliminary objections despite improperly raising their statute of limitations defense through preliminary objections and not new matter, where (1) the parties briefed and argued the merits of the defense, and (2) defendants' right to judgment on the pleadings is clear).

[2] When similarly faced with a non-specific "motion to dismiss" asserting a statute of limitations defense, we reviewed the decision on the motion under our well-established standard for reviewing preliminary objections. *See Rellick-Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016). That standard is as follows:

"Under Pennsylvania law, tort claims for intentional conduct, negligence, and conduct based in fraud are subject to a two-year statute of limitations." ***Baselice v. Franciscan Friars Assumption BMV Province, Inc.***, 879 A.2d 270, 275 (Pa. Super. 2005). Section 5524 of Judicial Code provides in relevant part:

> The following actions and proceedings must be commenced within two years:
>
> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> * * *
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or

---

Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

***Caltagirone v. Cephalon, Inc.***, 190 A.3d 596, 599 (Pa. Super. 2018) (citations omitted).

- 4 -

proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524(a)(1), (2), (7).

As this Court has explained:

The Judicial Code provides that limitations periods run from the time the cause of action accrued. 42 Pa.C.S. § 5502(a). Generally, "a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." **Wilson** [**v. El-Daief**, 964 A.2d 354, 361 (Pa. 2009)]. "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." **Fine v. Checcio**, 582 Pa. 253, 870 A.2d 850, 857 (2005). The discovery rule is an exception to this rule that tolls the statute of limitations when the plaintiff is reasonably unaware that she has been injured and that her injury has been caused by another party's conduct. **Fine**, 870 A.2d at 859. A cause of action accrues upon "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." **Wilson**, 964 A.2d at 364; **see also id.** at n.10.

**Carlino v. Ethicon, Inc.**, 208 A.3d 92, 103 (Pa. Super. 2019).

As noted, Plaintiff alleged in her complaint that Dr. Sundararajan made the injection on July 18, 2015. **See** Complaint, 8/3/21, at ¶ 7. Plaintiff, however, eventually discovered the microchip in 2017 "when it was maliciously activated electronically." **Id**. at ¶ 9. Even giving Plaintiff's allegation about the timing of the discovery the most charitable reading, her own pleading shows that she had actual or constructive knowledge of the harm no later than December 31, 2017. Applying the two-year statute of limitations, Plaintiff's complaint is time-barred because it was not filed until

August 3, 2021—over a year-and-a-half after the statute of limitations would have run. In her very own words, Plaintiff "discovered" the alleged tort in 2017 but failed to give any further explanation for why she did not possess sufficient critical facts at that junction to put her on notice of the alleged tort. As a result, the trial court properly found that this action was filed after the two-year statute of limitations had expired.[3]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *5/13/2022*

---

[3] Because we find that the trial court properly dismissed based on the statute of limitations, we need not address Medical Providers' additional argument that we may affirm the dismissal of Plaintiff's action as a serial frivolous lawsuit under Pa.R.Crim.P. 233.1. *See* Medical Providers' Brief at 18-22.