Candace G. McCOY, a/k/a Candace Mahoney, Appellant,

v.

John J. MAHONEY, Appellee.

Candace G. McCoy, a/k/a Candace Mahoney, Appellee,

v.

John J. Mahoney, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 19, 2002.
Filed March 20, 2003.

Scudder G. Stevens, Kennett Square, for McCoy.

John J. Mahoney, pro se.

BEFORE: DEL SOLE, P.J., KLEIN and CAVANAUGH, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 These are cross appeals from an order granting in part and denying in part a petition to enforce and modify a property settlement agreement the parties entered into as part of their divorce proceedings. The petition was filed by Appellant/Cross–Appellee ("Wife") on June 29, 2001. The same day, the trial court entered an order, the terms of which are critical to this case thus, we reproduce it in full:

AND NOW, this 29th day of June, 2001, upon consideration of the foregoing Petition, it is hereby ORDERED that:

(1) A rule is issued upon the respondent to show cause why the petitioner is not entitled to the relief requested;

(2) The respondent shall file an answer to the petition within twenty (20) days of service upon the respondent; Rule Returnable: July 19, 2001;

(3) The petition shall be decided under Pa.R.C.P. No. 206.7;

(4) Depositions shall be completed within forty-five (45) days of service upon petitioner of the answer to the petition;

(5) Notice of entry of this order shall be provided to all parties by the petitioner; and

(6) A hearing on the within petition is hereby scheduled to be held on the 30th day of July, 2001, in Courtroom No. 3 of the Courthouse of Chester County, West Chester, Pennsylvania. 9:30 A.M.

Appellee/Cross–Appellant ("Husband") filed his answer to the petition on July 19, 2001. The hearing scheduled for July 30, 2001, did not take place due to a potential conflict of interest between the trial judge and Husband. Wife agreed to a postponement. However, the hearing was not rescheduled at the time Husband filed, following the expiration of the 45–day period outlined in Paragraph 4 of the June 29, 2001, Order, a praecipe for determination.[1] Wife also filed a praecipe for determination, on September 25, 2001. The trial court subsequently entered, on January 16, 2002, an order granting in part and denying in part Wife's petition. Pursuant to the mandates of Pa.R.C.P. 206.7, the trial

---

1. Chester County Rule of Civil Procedure 206.2 addresses Praecipes for Determination, and provides, in pertinent part: "To have any matter, such as a petition . . . submitted to the Court for determination, a praecipe for determination shall be filed with the Prothonotary and, if oral argument is desired, it must be requested on the praecipe."

court decided the merits of the petition based solely upon the petition and answer, and deemed admitted all properly pleaded averments of fact contained in the answer.

¶ 2 Wife lists four issues in her Statement of Questions Involved. They can be summarized in a single question: did the trial court act improperly when it denied Wife an evidentiary hearing and decided the petition based on a strict application of Pa.R.C.P. 206.7? Husband's single issue on cross-appeal is whether the trial court failed to consistently apply Pa.R.C.P. 206.7 in reaching its decision. We affirm in part and reverse in part.

■ ¶ 3 Wife argues the trial court erred in strictly applying Pa.R.C.P. 206.7. This rule provides:

Procedure After Issuance of Rule to Show Cause

(a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

(b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

(c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

(d) The respondent may take depositions, or such other discovery as the court allows.

¶ 4 Although Wife's argument takes several different tacks, her main contentions are: (1) it was not common practice in Chester County family court to strictly apply Rule 206.7; and (2) it was unfair to do so when the case would have been better decided after an evidentiary hearing. We appreciate Wife's position. This case took an unexpected turn when the hearing scheduled for July 30, 2001, did not take place. It is unclear from the order what type of hearing was anticipated for that date, or what the outcome of the hearing would have been. However, the plain meaning of the trial court's June 29, 2001, order is not debatable. The order specifically stated the petition **would** be decided under Pa.R.C.P. 206.7. Wife's bald assertions of local practice notwithstanding, the record indicated no other anticipated course of action.

¶ 5 It is undisputed that Wife failed to conduct discovery within the 45–day period set forth in the June 29, 2001, order. It is also undisputed that Husband filed a timely answer to the petition raising disputed issues of material fact, thus triggering the application of section (c) of Rule 206.7. Finally, we note that both parties, prior to the court's decision, filed praecipes for determination, effectively notifying the court that they believed the matter was ripe for decision. Under Chester County Rule of Civil Procedure 206.1.B, governing petition practice, the following procedure is mandated for situations like the one in this case:

When an answer has been timely filed and the issue raised by the petition is ripe for consideration, pursuant to the provisions of Pa.R.C.P. 206.7, any party may file a praecipe for determination in the form described by C.C.R.C.P. 206.2

along with a supporting brief. If a petitioner files a praecipe for determination on petition and answer, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted. If a respondent orders the matter for argument on petition and answer without having taken depositions or such other discovery as the court may have allowed, then all averments of facts properly pleaded in the petition shall be deemed admitted for the purposes of the rule, unless the petitioner shall have failed to take depositions or such other discovery as the court may have allowed within the time required, in which event the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer, shall be deemed admitted pursuant to Pa.R.C.P. 206.7(c). Responsive briefs shall be filed within 15 days of the filing of the praecipe for determination. The assigned judge may, at his or her discretion, extend the time for filing briefs.

C.C.R.C.P. 206.1.B(7)

¶ 6 Accordingly, we find no error in the trial court's decision to proceed in the manner set forth in the June 29, 2001, order and decide the petition on the basis of Pa.R.C.P. 206.7(c).

¶ 7 Next, we turn to the substance of the trial court's decision. When the parties divorced, they entered into a property settlement agreement ("PSA") which addressed, *inter alia,* their respective obligations for financial support of their two daughters. The two principal areas of dispute which were the subject of the petition are: (1) private school tuition; and (2) summer care expenses. The relevant portion of the PSA provides:

... Husband agrees to pay Wife directly one-half of the tuition charged by a mutually agreed school.

\* \* \*

The parties shall also divide the cost of summer care for the children to enable Wife to work (provided such cost is reasonable and does not result in a total child support obligation which would exceed Husband's child support obligation if Wife were unemployed...

Property Settlement Agreement, ¶ 17.

■ ¶ 8 The petition requested enforcement of the tuition provision, averring Father had failed to pay one-half of the tuition for the private school at which the children, with Husband's consent, were enrolled in 1995. Father, in his answer, admitted the children had been enrolled in the school in 1995 with his consent. This admission was sufficient to satisfy the trial court that Husband was obligated to pay one-half the tuition for that school. However, Husband's answer also specifically denied that the children's attendance at this school **continued to be** mutually agreed upon. Husband expressed this denial in multiple paragraphs of his answer. Even Wife's petition acknowledged Husband no longer agreed that the children should attend private school. We find the trial court erred in its conclusion that Husband's admission of ¶ 10 of Wife's petition, averring "In January of 1995, Petitioner with Respondent's consent, enrolled the Children in the West Chester Seventh Day Adventist School (the 'School')", constituted an admission that he is obligated under the PSA to pay for one-half the children's tuition to this school. We base this decision on Husband's multiple specific denials throughout his answer concerning his current state of disagreement with Wife on the choice of school, and particularly in light of his denial to ¶ 11 of the petition. Paragraph 11 averred, "Respondent has

failed to satisfy his obligation to pay one-half of the tuition charged by the School in the amount of $2,170.00 for the 2000–2001 school year." Husband's answer to this paragraph was, "Denied, as stated. It is specifically denied that Respondent had any obligation to pay one-half (1/2) of the tuition charged by the Seventh Day Adventist School ('SDA School'). To the contrary, Respondent had no such obligation, because the children's attendance was not mutually agreed upon by the parties."

¶ 9 The meaning of "mutually agreed school" as used by the parties in the PSA may be debatable in another context. In the posture of this case, however, we find the trial court should have credited Husband's specific denials that the school was mutually agreed upon and deemed his related averments of fact admitted. Accordingly, we vacate the portion of the order requiring Husband to pay one-half of the children's tuition to the West Chester Seventh Day Adventist School.

¶ 10 The matter of summer care was also contested by the parties. Wife's petition sought reimbursement for one-half of certain expenses she claimed were related to the care of the children during the summers of 1999 and 2000. In his answer, Husband responded that none of the activities listed by Wife constituted summer care for the children which was necessary to enable Wife to work, as set forth in ¶ 17 of the PSA. He also itemized various objections to the list of activities attached to the petition. The trial court credited all of Husband's specific objections, including his statement that no expenses for summer care for 2000 were covered by the agreement because Husband's wife would have cared for the children during that period. Thus, the trial court found Father was obligated only for those expenses for 1999 to which he did not specifically raise a challenge.

 ¶ 11 Husband argues the trial court failed to consistently apply Pa.R.C.P. 206.7(c) by disregarding some of his properly pleaded denials. The trial court characterized the denials it did not credit as "conclusory." We disagree. Husband specifically denied any of the summer activities listed were necessary to enable Wife to work, listing some as overnight or weekend ventures, and averring that all were outside of the PSA's parameters. Using the procedure outlined in Pa.R.C.P. 206.7(c), we find the trial court should have credited Husband's specific denials and deemed his related averments of fact admitted. Accordingly, we vacate the portion of the order requiring Husband to pay "summer care expenses" for both children for the summer of 1999.

¶ 12 Order affirmed in part and vacated in part. Jurisdiction relinquished.