J-A25039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCINE HOLLY MAULTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMG REMEDIATION SERVICES, LLC | : | No. 2843 EDA 2023 |
| D/B/A ENVIRONMENTAL | : | |
| MANAGEMENT GROUP, INC. AND | : | |
| COMMUNITY ACTION AGENCY OF | : | |
| DELAWARE COUNTY, INC. | : | |

Appeal from the Order Entered September 29, 2023
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2020-00384-TT

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JULY 18, 2025**

Francine Holly Maultz, Esq. ("Maultz") appeals *pro se* from the trial court's grant of summary judgment in this tort, contract, and Pennsylvania Unfair Trade Practices and Consumer Law ("UTPCL") action in favor of EMG Remediation Services, LLC ("EMG") and Community Action Agency of Delaware County, Inc. ("CAADC") (collectively "Appellees"). For the reasons discussed below, we affirm.

We take the underlying facts in this matter from our review of the certified record. In December 2017, following an inspection, Maultz became aware of a pinhole leak in an above-ground heating oil storage tank ("AST") in the crawl space of her residence. *See* Amended Complaint, 3/1/21, at 4. Maultz contacted CAADC which provides financial assistance in such matters.

*See id*. at 2, 5.  CAADC offered to have one of its contractors assess the situation, but Maultz refused assistance and elected to find her own contractor. *See* EMG's Motion for Summary Judgment, 5/3/23, at Exhibit C, pp. 153-60. Maultz continued to reside in her residence during this period, despite her later complaints of headaches and other health problems relating to the leak.  *See* Amended Complaint, 3/1/21, at 6.

In January 2018, Maultz contacted EMG to obtain an estimate to remove the AST.  *See id*. at 8-9.  EMG developed two different work proposals for the repair; one was ultimately approved by CAADC.  *See* EMG's Motion for Summary Judgment, 5/3/23, at Exhibit D.  EMG contracted directly with CAADC, not Maultz.  *See id*.

On January 12, 2018, employees of EMG installed an air blower to ventilate Maultz's crawl space and placed poly sheeting over the crawl space. *See id*. at Exhibit J.  On January 15, 2018, the employees returned to complete the removal of the AST.  *See id*.  One of the employees noted some oil had accumulated on the plastic sheeting.  *See id*.  The employee soaked up the oil and removed the AST without further issues.  *See id*.  Maultz remained outdoors during the removal and spent that night at a friend's house.[1]  *See* Amended Complaint, 3/1/21, at 13-14, 16.  Maultz returned to

_____

[1] This Court has been unable to ascertain from either the certified or reproduced records Maultz's exact locations on the dates of January 15-17, 2018, as the parties contradict each other and fail to clearly cite to the record
*(Footnote Continued Next Page)*

the residence on January 17, 2018. She claimed she smelled oil and contacted the fire department. Fire Department personnel came to the residence, took readings, and determined there was no danger. They told Maultz some odor was normal following an AST removal. *See id*. at 16-17. Maultz remained in the residence until January 21, 2018, when she left due to the alleged odor of oil, and other health issues. *See id*. at 17-18. Maultz has not resided in her home since and has had no additional remediation work done. *See id*. at 18, 21. Maultz did obtain soil and air testing from two separate companies, neither of which found any concerns. *See id*. at 21.

Maultz initiated this action by writ of summons in January 2020. In November 2020, Maultz filed a complaint sounding in tort, contract, and consumer protection law. In December 2020, Appellees filed separate sets of preliminary objections.

Maultz filed an amended complaint before the trial court could rule on the preliminary objections. In March 2021, Appellees filed separate sets of preliminary objections to the amended complaint. In June 2021, the court overruled the preliminary objections. Following a series of unopposed continuances by Maultz, EMG filed an answer to Maultz's amended complaint, CAADC filed an answer with new matter and a crossclaim, and EMG filed a reply to CAADC's crossclaim. EMG then filed an answer to Maultz's amended

_____

to support their assertions. The above represents the Court's best hypothesis of the events.

complaint with crossclaim and amended new matter, and CAADC filed a reply to EMG's crossclaim. The trial court *sua sponte* consolidated the above-captioned action with an earlier filed related case (which was later discontinued) for discovery purposes only.

Following a series of trial continuances and discovery motion practice by the parties, Appellees filed separate motions for summary judgment. In June 2023, Maultz sought and was granted an extension to respond to Appellees' motions. Maultz filed her opposition to Appellees' summary judgment motions in July 2023. That month, Maultz filed 101 separate praecipes to attach exhibits to her response to both summary judgment motions. CAADC filed separate reply briefs in support of their summary judgment motions.

In August 2023, Appellees collectively filed twelve timely motions *in limine*. On August 8, 2023, Maultz filed a sur-reply in opposition to the summary judgment motions, and six additional praecipes to attach exhibits, but did not file a response to [Appellees'] motions *in limine*. The trial court granted Appellees' motions *in limine* as unopposed.

After the close of business on August 31, 2023, Maultz, a licensed attorney who elected to represent herself, filed a motion for reconsideration to extend her time to respond to [Appellees'] motions *in limine*, asserting her reliance on the advice of unnamed counsel that a party can timely respond to motions *in limine* orally at the time of trial. The trial court denied Maultz's motion for reconsideration and granted summary judgment for both

- 4 -

Appellees. Maultz filed a notice of appeal, and she and the trial court complied with Pa.R.A.P. 1925.

On appeal, Maultz presents three issues for our review:

1. Whether the failure to file a praecipe for determination on the motions *in limine* and related joinder motions as required under the Chester County Court of Common Pleas Civil Rules ("C.C.R.C.P.") 208.3(b) and 206.6 preclude[d] a subsequent finding by the trial court that the twelve motions *in limine* and joinder motions were uncontested?

2. Whether the trial court's denial of [Maultz's] motion for reconsideration in the granting of the 12 motions *in limine* and joinder motions as undisputed constitutes an error of law when this motion offered [a] factual and legal basis for the failure to file a written response?

3. Whether the trial court[']s grant[] of [Appellees'] motions for summary judgment constitutes an error of law where there exist[] *prima facie* causes of action and disputes of genuine issue[s] of material fact independent of evidence excluded by the granting of the motions *in limine* and joinder motions?

Maultz's Brief at 28-29 (capitalization regularized).

In her first issue, Maultz claims Appellees' failure to file a praecipe for determination as required by C.C.R.C.P. 208.3(b) and 206.6 precluded the trial court from finding Appellees' motions *in limine* and joinder motions were uncontested.[2] ***See*** Maultz's Brief at 54-75. Thus, Maultz disputes the trial court's interpretation of the relevant local rules of civil procedure. ***See id***.

_____

[2] Maultz does not address the substance of those motions or make any argument the trial court erred in determining them meritorious. ***See*** Maultz's Brief at 54-75.

- 5 -

Our standard of review of a challenge to the Rules of Civil Procedure is *de novo*, and our scope of review is plenary. **See Sayers v. Heritage Valley Medical Group., Inc.**, 247 A.3d 1155, 1159 (Pa. Super. 2021) (citation omitted). "The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.J.A. 108(a).[3] The Rules of Civil Procedure "shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." Pa.R.Civ.P. 126(a).[4]

The relevant Chester County local rules provide, in relevant part, as follows:

> **Rule 206.6. *Praecipe for Determination***
>
> To have any matter submitted to the [c]ourt for a decision, a party shall file with the Prothonotary a Praecipe for Determination. Immediately after filing same with the Prothonotary, each party shall serve upon all other counsel and unrepresented parties a copy of the Praecipe for Determination as well as any other documents filed therewith.

C.C.R.C.P. 206.6.

_____

[3] Pennsylvania Rule of Judicial Administration 108, effective January 1, 2024, rescinded and replaced Pa.R.Civ.P. 127. Changes in law are applied retroactively to cases pending on direct appeal. **See Christy v. Cranberry Volunteer Ambulance Corps, Inc.**, 856 A.2d 43, 51 (Pa. 2004).

[4] The wording of Pennsylvania Rule of Civil Procedure 126 was amended effective January 1, 2024. We apply the current version of the Rule. **See id**.

**Rule 208.3(b).** *Responses*

All other parties shall file their responses, if any, to the motion and their briefs, in accordance with C.C.R.C.P. 210, within twenty (20) days of the filing of the motion, except with respect to motions for summary judgment, to which responses and briefs must be filed within thirty (30) days after service of the motion. The assigned judge may, in his or her discretion, extend the time for filing of briefs or waive the requirement. The court may treat a motion as uncontested if no response is filed. Upon the filing of a praecipe for determination, as described in Rule 206.6, the matter will be referred to the court for disposition.

C.C.R.C.P. 208.3(b).

Pennsylvania Rules of Civil Procedure 208.3, and the accompanying

note, provide:

(b) A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both. Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) ***shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.***

*Note:* Motions are governed by the procedure in subdivision (a) unless the court by local rule designates particular types of motions to be governed by the procedure in subdivision (b).

The twenty-day response period may be extended or reduced by special order of court. A local rule may only extend the time period.

***A response shall be filed by any party opposing a motion governed by subdivision (b) even if there are no contested issues of fact because the response is the opposing party's method of indicating its opposition.***

Rule 208.3(b) authorizes each court of common pleas to impose requirements of responses and briefs with respect to designated motions. Rule 239.3(e) requires each court which has imposed such requirements to promulgate a local rule, numbered Local Rule 208.3(b), listing the motions and the requirements.

Rule 239.3(e) also provides that Local Rule 208.3(b) must describe the local court procedure governing motions under subdivision (b) and may allow the court to treat the motion as uncontested if a response is not filed.

Pa.R.Civ.P. 208.3 (b) and note (emphases added).

Counsel's failure to comply with a local rule of procedure cannot be a basis for the rejection of a filing. "It is axiomatic that if a local rule conflicts with a statewide rule of procedure, the local rule is invalid." **Mariano v. Rhodes**, 270 A.3d 521, 527 (Pa. Super. 2022) (citation omitted).

Maultz concedes she did not file a response to the motions *in limine* or ask for an extension of time to respond to them. **See** Maultz's Brief at 57. Moreover, Maultz does not advance an argument disputing the substantive assertions made in the motions. Instead, she discourses on statutory interpretation, the historical origins of praecipes in Michigan and Pennsylvania, and meaning of the text of C.C.R.C.P. 206.6 and 208.3(b).[5] **See id**. at 54-

---

[5] At oral argument, Maultz argued that C.C.R.C.P. 208.3(b) conflicts with Pa.R.Civ.P. 208.1(b)(1)(iv), and, therefore, the local rule is invalid. However, Maultz did not raise this issue below, in her Rule 1925(b) statement, or in her brief on appeal. Thus, she waived the claim, and we will not further discuss it. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived); **see also** Pa.R.A.P. 302(a) (providing issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

66. She concludes C.C.R.C.P. 206.6 has multiple purposes, namely: (1) to inform the trial court a motion is ready for disposition; (2) to have the prothonotary refer the matter to the trial court; and (3) to alert the parties the "filing party is either following the directive of a local rule or . . . the filing party seeks a final disposition from the trial court." *Id*. at 68-70.

> The trial court rejected Maultz's arguments, stating:
>
> [Maultz's] self-serving averment that she was not required to file responses to [Appellees'] motions *in limine* within 20 days of their filing because neither [Appellee] filed a praecipe for determination is unavailing. The filing of a praecipe for determination is irrelevant to [Maultz's] obligation to file a timely response to the motions *in limine* or timely request [for] an extension of time to do so. [Maultz's] logic would not only lead to the absurd result that a litigant need not file a response to a motion unless a praecipe for determination is filed would also contradict the well-established rules of this court.
>
> A praecipe for determination is simply intended to bring a matter to the [trial c]ourt's attention for disposition. Here, the motions *in limine* were filed using the [trial c]ourt's electronic filing system and therefore a praecipe for determination is not required to alert the [trial c]ourt to the filing of the motions. The electronic filing system automatically alerts the [trial c]ourt to filings and calendars them for timely disposition. Accordingly, a praecipe for determination is irrelevant to [Maultz's] obligation to file timely responses to [Appellees] motions *in limine*.

Trial Court Opinion, 12/13/23, at 7-8 (capitalization standardized, italics added).

We have thoroughly reviewed the record and applicable law. We conclude, in accordance with the trial court, Maultz's argument is misplaced. Initially, we reject Maultz's attempt to cast her claim as a failure on the parts of Appellees. The record reflects Appellees filed their motions *in limine* on

- 9 -

August 7, 2023. Pursuant to Pa.R.Civ.P. 208.3(b) and C.C.R.C.P. 208.3(b), Maultz had until Monday, August 28, 2023, to either file a response or ask for an extension of time to do so. Thus, the earliest Appellees could have filed a *praecipe* for determination was on Tuesday, August 29, 2023. The trial court *sua sponte* issued its decision on Thursday, August 31, 2023. Consequently, Appellees had fewer than three days to file a *praecipe* for determination. Based upon this timeline, the issue is not the meaning of the C.C.R.C.P. 206.6 or whether Appellees failed to file a mandatory *praecipe*, the issue is whether the trial court's decision to act *sua sponte*[6] without giving **Appellees** a meaningful period in which to file the required *praecipe* prejudiced Maultz. We conclude it did not.

Initially, we see nothing in the plain language of Rule 206.6 supporting Maultz's assertion that one of the purposes of the rule is to warn an opposing party to act when that party failed to respond to a motion within the twenty-day response period. Such an interpretation would place C.C.R.C.P. 206.6 squarely in conflict with Pa.R.Civ.P. 208.3(b), which requires an opposing party to respond within twenty days unless the trial court has granted an extension of time. **See** Pa.R.Civ.P. 208.3(b). Under Maultz's interpretation

_____

[6] We do not disagree with the trial court's suggestion that C.C.R.C.P. 206.6 may no longer be necessary considering modern electronic filing programs. Our review shows very few counties require this filing. However, C.C.R.C.P. 206.6 is nonetheless a requirement in Chester County, and we thus note our disapproval of the trial court's decision to act *sua sponte*.

we would be required to invalidate C.C.R.C.P. 206.6 because it conflicted with a state rule of procedure. This we cannot do. *See Mariano*, 270 A.3d at 527. Although there is a dearth of caselaw interpreting C.C.R.C.P. 206.6, our survey of the cases that exist supports our view that the sole purpose of the rule is to alert *the trial court* that a motion is ripe for decision, particularly in cases where there has been a lengthy delay. *See*, *e.g.*, *McCoy v. Mahoney*, 820 A.2d 736, 738 (Pa. Super. 2003) (noting the filing of a *praecipe* for determination "effectively notif[ies] the court that . . . the matter [is] ripe for decision").

Moreover, Maultz's reliance as persuasive authority on our unpublished[7] decision in *Olson v. Eurofins Environmental Testing US Holdings Inc.*, 2020 WL 4252656 (Pa. Super. 2020), is misplaced. *Olson* did not concern compliance with C.C.R.C.P. 206.6 but rather C.C.R.C.P. 1028(c), which governs the filing of responses to preliminary objections and requires a responding party to file a brief and a *praecipe* for determination within twenty days. *See Olson*, 2020 WL 4252656, at *2. Our conclusion in *Olson* that the trial court erred in granting the preliminary objections did not address whether a *praecipe* for determination was filed or whether a trial court could decide preliminary objections in the absence of one, but depended

---

[7] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

dispositively on the fact the trial court decided the objections prior to the expiration of the twenty-day period, ***thus preventing the court from considering Olson's timely filed response***. ***See id***. at *3.

As noted, Maultz concedes she did not file a timely response or request an extension of time; thus, ***Olson*** is inapplicable. Maultz's unsupported argument that the filing of a *praecipe* for determination would have alerted her the motion was about to be decided and permitted her to file an untimely response without leave of court is unavailing. C.C.R.C.P. 208.3(b) accords the trial court the discretion to decide a motion as unopposed when the opposing party does not file a timely response. We find no abuse of discretion or error of law in the trial court's so doing. Maultz's first issue does not merit relief.

In her second issue, Maultz maintains the trial court erred in denying her motion for reconsideration of its decision to grant Appellees' motions *in limine*. ***See*** Maultz's Brief, at 76-80.

In deciding a motion for reconsideration, a trial court is invested with broad discretion to modify or rescind a prior order. ***See*** 42 Pa.C.S.A. § 5505; ***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa. Super. 2007). Our standard of review of a motion for reconsideration is limited to whether the trial court manifestly abused its discretion or committed an error of law. ***See Dahl v. AmeriQuest Mortgage Co.***, 954 A.2d 588, 593 (Pa. Super. 2008). Further, an abuse of discretion "is not merely an error of judgment."

***Drelles v. Manufacturers Life Ins. Co.***, 881 A.2d 822, 830 (Pa. Super. 2005) (citation omitted). Rather, the standard for abuse of discretion is, "if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused." ***Id***., 881 A.2d at 830–31.

Maultz maintains the trial court erred in denying her motion for reconsideration because she explained her failure to respond to the motions *in limine*, resulted from erroneous advice from an unnamed "experienced trial counsel." ***See*** Maultz's Brief at 77. Maultz admits she did not attach a proposed response to the motions *in limine* to her motion for reconsideration but asserts she did not realize that this was required. ***See id***.

> The trial court explained:
>
> [T]here was no basis in law or fact to grant the requested relief. In her request for reconsideration, [Maultz] did not offer any new facts or law that would warrant recission of the underlying [o]rders at issue. Rather, [Maultz] merely claimed that because she chose to solicit and rely on the mistaken advice of an unidentified lawyer, who is not counsel in this case, this fact somehow excuses her failure to file a response in opposition to the motions *in limine*. Despite being a prolific, *pro se*, filer who has requested several other extensions from the [trial c]ourt in this case[,] and a member of the bar[,] [Maultz] did not seek an extension of time from the [trial c]ourt to file timely responses to [Appellees'] motions *in limine* or joinder requests.
>
> Similarly, when requesting reconsideration, [Maultz] did not even attach a copy of her proposed responses in opposition to [Appellees'] motions *in limine*. At the time [Maultz] requested reconsideration, [Appellees'] motions *in limine* and joinder requests thereto remained unopposed. Thus, the [trial c]ourt was constrained to deny [Maultz's] reconsideration motion. [T]he [trial c]ourt will not permit [Maultz] . . . to file untimely responses

- 13 -

> to [Appellees'] motions *in limine* when no basis in fact or law exists to grant the relief[.] . . .

Trial Court Opinion, 12/13/23, at 5-6 (footnote omitted).

After review, we perceive neither a manifest abuse of discretion nor an error of law on the part of the trial court. Maultz has not argued the existence of a change of law, new evidence, or the need to correct an error of law on the part of the trial court. **See** Maultz's Brief at 76-77. Instead, she baldly argues reconsideration was necessary to prevent manifest injustice. **See id.** Regardless of advice from another attorney, Maultz is a licensed attorney, and she elected not to determine whether she was required to respond to Appellees' motions *in limine* or whether she needed to file a proposed response to the motions with her motion for reconsideration. Her argument on appeal, which is largely unintelligible, amounts to an assertion the trial court should have allowed her a second chance because she did not understand trial practice and procedure. **See id**. at 76-80. This Court has long held that even a **non-lawyer** *pro se* litigant is not entitled "to any advantage due to [her] lack of legal training," but assumes the risk that her lack of legal training will place her at a disadvantage. **Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citations omitted). Certainly, an attorney who chooses to represent herself should at least be held to the same standard as a layperson. Here, we have no basis for concluding Maultz has a meritorious defense to the motions *in limine*, such that the failure to grant reconsideration

would constitute manifest injustice. Maultz's second claim does not merit relief.

In her third and final issue, Maultz contends the trial court erred in granting summary judgment because she demonstrated "*prima facie* causes of action and disputes of genuine issue of material fact[.]"[8] Maultz's Brief at 81.

This Court's standard of review requires we reverse a grant of summary judgment only if the trial court commits an error of law or abuses its discretion. *See Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015) (*en banc*). Our scope of review is plenary, and we must examine the entire record. *See Donegal Mut. Ins. Co. v. Fackler*, 835 A.2d 712, 715 (Pa. Super. 2003).

It is well settled "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of

---

[8] To the extent Maultz challenges the trial court's grant of summary judgment on her breach of contract and UTPCL claims, she waived these issues. Maultz does not include any argument regarding the breach of contract claims in her brief. *See* Maultz's Brief at 81-88. While Maultz does take issue with the trial court's grant of summary judgment on her UTPCL claims, her argument focuses solely on the alleged deficiencies in the trial court's 1925(a) opinion. *See id*. at 87-88. Maultz does not discuss the basis for her UTPCL claim or demonstrate why the trial court either erred as a matter of law or abused its discretion in granting summary judgment on that claim. This Court has stated, "An appellate court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate Procedure, Pa.R.A.P. 2101. Where defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Sephakis v. Pennsylvania State Police Bur. of Records and Identification*, 214 A.3d 680, 686 (Pa. Super. 2019) (internal quotation marks and citation omitted).

material fact and that the moving party is entitled to judgment as a matter of law." *See Truax*, 126 A.3d at 996 (internal citation and quotation marks omitted). "[A] record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense." *Olszewski v. Parry*, 283 A.3d 1257, 1263 (Pa. Super. 2022) (internal citation omitted) (italics added). A court must examine the factual record of a case, including expert reports, in a light most favorable to the non-moving party. *See Brown v. City of Oil City*, 294 A.3d 413, 427 (Pa. 2023).

> Where the non-moving party bears the burden of proof on an issue, **he may not merely rely on his pleadings or answers in order to survive summary judgment.** Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof **establishes the entitlement of the moving party to judgment as a matter of law.**

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (emphasis added).

To establish a claim of negligence, a plaintiff must prove: (1) the defendant owed him a duty of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff. *See Newell v. Montana West, Inc.*, 154 A.3d 819, 822 (Pa. Super. 2017). To establish a *prima facie* case of negligence, the plaintiff must establish a causal connection between defendant's conduct and the plaintiff's injury, even when the record demonstrates the defendant breached a duty of care owed to the plaintiff. *See Hamil v. Bashline*, 392

A.2d 1280, 1284 (Pa. 1978); **_Straw v. Fair_**, 187 A.3d 966, 993 (Pa. Super. 2018).

Causation has two components: (1) cause-in-fact and (2) legal or proximate cause. **_See Pomroy v. Hosp. of University of Pennsylvania_**, 105 A.3d 740, 745 (Pa. Super. 2014) (internal citation omitted). Cause-in-fact means the plaintiff would not have suffered a harm "but-for" the defendant's alleged negligence. **_See First v. Zem Zem Temple_**, 686 A.2d 18, 21 n.2 (Pa. Super. 1996). Proximate cause requires the defendant be a "substantial factor" in bringing about the harm suffered by the plaintiff. **_Straw_**, 187 A.3d at 993 (internal citation omitted).

As our Supreme Court has noted:

> The determination of the issue [of proximate cause] simply involves the making of a judgment as to whether the defendant's conduct although a cause in the "but for" sense is so insignificant that no ordinary mind would think of it as a cause for which a defendant should be held responsible. Section 431, comment a, Restatement [(Second) of Torts], explains the distinction between substantial cause and cause in fact as follows:
>
>> "The word 'substantial' is used to denote the fact that the defendant's conduct has such an [e]ffect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

*Ford v. Jeffries*, 379 A.2d 111, 114 (Pa. 1977) (internal citations omitted).

"[T]he concept [of proximate cause], like that of negligence itself, was designed not only to permit recovery for a wrong but to place such limits upon liability as are deemed socially or economically desirable from time to time." *Straw*, 187 A.3d at 994 (internal citation and quotation marks omitted). Factors relevant to the consideration of proximate cause include:

> the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it; whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; [and the] lapse of time.

*Id*. at 994-95 (quoting Restatement (Second) of Torts § 433) (quotation marks and subdivision markings omitted).

This Court has long held the failure to obtain an expert, when necessary, supports the grant of summary judgment pursuant to Pa.R.Civ.P. 1035.2(2). *See*, *e.g*. *Grandelli v. Methodist Hosp.*, 777 A.2d 1138, 1148 (Pa. Super. 2001) (affirming trial court's grant of summary judgment pursuant to Pa.R.Civ.P. 1035.2(2) where plaintiff failed to obtain an expert report).

Maultz argues she did have expert testimony to support her claim that EMG did not follow proper procedures in removing the AST. *See* Maultz's Brief at 81-83. However, she concedes that the granting of the motions *in limine* left her without expert reports. *See id*. at 82. She thus maintains expert medical testimony is unnecessary because her treating physician(s) can testify

as to her symptoms and treatment, she can testify as to damages, and there is "an obvious causal connection between [the] injury and alleged Act." *See id*. at 83-87.

The trial court disagreed, explaining that its grant of Appellees' motions *in limine* "resulted in [Maultz's] experts being precluded from offering any evidence in support of her claims at trial." Trial Court Opinion, 12/13/23, at 8. The court then found that, without expert testimony, Maultz was unable to prove her tort claims. *See id*.

Maultz's argument on this issue is undeveloped. She appears to claim that one of the expert reports concerning EMG's breach of duty was admissible. *See* Maultz's Brief at 82-83. However, she does not specify which expert report she is talking about, which of the trial court's orders precluded it, why the trial court erred in that decision, and fails to cite where in the record the report can be found.[9] *See id*. Maultz fails to cite any legal support for her argument. *See id*.

Maultz's argument that the testimony of her treating physician was admissible is equally undeveloped. *See id*. at 83-85. Maultz acknowledges

_____

[9] The certified record in this case is over six thousand pages. It is not this court's responsibility to comb through the record seeking the factual underpinnings of Maultz's claim. *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1035 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument").

her treating physician cannot testify as an expert. *See id*. at 84. However, she argues that expert testimony on causation is unnecessary. *See id*. at 84-87. The only legal support Maultz provides for her argument are a Court of Common Pleas[10] case and a federal District Court case, neither of which is binding on our Court.[11] *See Sullivan v. Werner Co.*, 253 A.3d 730, 745 (Pa. Super. 2021) (citation omitted); *Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, 126 A.3d 959, 972 (Pa. Super. 2015).

_____

[10] We note the case cited by Maultz, *Merrifield v. Bonacuse*, No. 16-CV-3420 (C.P. Lackawanna Co., Dec. 8, 2021) is a decision of a court of common pleas which is not binding on us. Moreover, the case is irrelevant. It does not address substituting a treating physician's testimony for that of an expert on causation but instead addresses the unrelated issues of whether a portion of a defense expert's testimony was properly stricken because it exceeded the scope of his expert report and whether the defense waived a challenge to a portion of the treating physician's testimony regarding the plaintiff's medical expenses. *See id*. at 1-2.

[11] The federal case, *Bixler v. Lamendola*, 2022 WL 2441567 (M.D. Pa., July 5, 2022), is a memorandum, not an opinion. While *Bixler* does address the requirement of expert testimony, it is distinguishable because it concerns a case where the plaintiff began experiencing neck pain and stiffness within forty-eight hours of a car accident. *See id*. at *2. While noting that Pennsylvania law generally requires expert testimony on causation, the district court concluded expert testimony was unnecessary because there was an obvious causal connection between the accident and the injury, which began immediately after the accident, and was the type of injury to be expected after an automobile accident. *See id*. at *4.

We do not find *Bixler* persuasive. Maultz admits her symptoms began *prior* to the removal of the AST. *See* Maultz's Brief at 84. Additionally, alleged toxic exposure is not the equivalent of an automobile accident whose cause is undisputed. It is not obvious that Maultz's symptoms are related to toxic exposure rather than any of another group of possible causes.

Because Maultz's argument is both undeveloped and legally unsupported, we are constrained to find she waived her challenge to the trial court's grant of summary judgment on her tort claims. ***See Sephakis*** 214 A.3d at 687 (internal quotation marks and citation omitted) (Where defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"). Maultz's third and final claim does not merit relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025